# EXHIBIT A

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)   *Promise Hwi Corp System EY Smk.*

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                          SUPERIOR COURT
                                                     CIVIL ACTION

                                              NO.   10  01633

*Adam Calvert and Michelle Calvert*          , Plaintiff(s)

                            v.

*WMC mortgage Corp. et al*          , Defendant(s)

## SUMMONS

To the above-named Defendant:

　　　You are hereby summoned and required to serve upon *James J. Heggie*,
plaintiff's attorney, whose address is *201 Marina Ave, #516 Quincy, MA 02171*, an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the
day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in
the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this
court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

　　　Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS,     **BARBARA J. ROUSE**, Esquire     , at _____ the _____

day of _____, in the year of our Lord two thousand and _____

A true copy Attest:  *John Cotter*

*10/7/2010*  Deputy Sheriff Suffolk County     *Walter H. Smith*     Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption.
   If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................, 20       , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..................................................................................................................................................

..................................................................................................................................................

..................................................................................................................................................

Dated:                         , 20        ...............................................................................

**N. B.   TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
**DEFENDANT.**

|                          |
|--------------------------|
|                   , 20     .  |

'0682125

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                      SUPERIOR COURT
                                  CIVIL ACTION

                                  NO.

                                  ..............................., *Plaintiff*

                                  v.

                                  ..............................., *Defendant*

**SUMMONS**

**(Mass. R. Civ. P.4)**

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT

OF THE TRIAL COURT

CIVIL ACTION NO. :

|  |  |
|---|---|
| ADAM CALVERT AND MICHELLE CALVERT )<br>  Plaintiffs )<br>)<br>v. )<br>)<br>BENEFICIAL FINANCIAL I, INC., )<br>WMC MORTGAGE, INC., MERS® System, )<br>ACCREDITED HOME LENDERS, INC. )<br>INDYMAC BANK F.S.B. )<br>)<br>)<br>)<br>)<br>) | COMPLAINT |

COMPLAINT AND JURY DEMAND

**INTRODUCTION**

ADAM CALVERT AND MICHELLE CALVERT (hereinafter "Borrowers"), purchased the home located at 70 Taylor Street in Braintree, MA and then in a two year period were induced into refinancing the home three times. Michelle Calvert also never completed an application and is not on any of the Notes in the three refinances, although she is on the mortgages.

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this matter and the named Defendants pursuant to M.G.L. c. 223A, § 3, c. 212, §4 and c. 214 § 1.

2. Venue lies in this county pursuant to M.G.L. c. 223A, § 8.

## PARTIES

3. Michelle Calvert is a natural person and resident of Braintree, Massachusetts

4. Adam Calvert is a natural person and resides in Quincy.

5. Beneficial Financial I Inc., formerly Solstice Capital Group, with an address of 26525 N. Riverwoods Blvd. in Mettawa, Ill. This company refinanced the home located at 70 Taylor Street in Braintree on December 8, 2005 for $317,000.

6. WMC Mortgage Corp. with an address of 6501 Irvine Center Drive in Irvine, CA was assigned the above loan at the closing.

7. Accredited Home Lenders, Inc. with an address of 15253 Avenue of Science, in San Diego, CA. This company refinanced the home located at 70 Taylor Street in Braintree on April 27, 2006 for $341,000.

8. INDYMAC Bank F.S.B. with an address of 155 North Lake Avenue in Pasadena, CA. This Bank refinanced the home located at 70 Taylor Street in Braintree on September 11, 2006 for $362, 900.

9. MERS is a nominee in the county land records for these loans. Any loan registered on the MERS® System is inoculated against future assignments because MERS remains the nominal mortgagee no matter how many times servicing is traded. MERS is located at Library Street, Suite 300 in Reston, Virginia.

## FACTS

10. On April 5, 2005 Adam and Michelle Calvert purchased the home located at 70 Taylor Street in Braintree for $317,000 with a mortgage of $283,500 through Argent Mortgage Company. The Calvert's paid the difference between the sale price and the mortgage in cash to the owner of the property. The mortgage read that Michelle and Adam Calvert would take the property as Tenants by the Entirety.

11. On November 22, 2005 Adam Calvert and Michelle Calvert were granted a refinance loan from Solstice Capital Group in which the rate was 9.3% and the loan amount was $317,000 with vesting to read "Adam Calvert and Michelle Calvert, Husband and Wife as Tenants by the Entirety". On the TIL it states that the annual percentage rate would be

11.569% and that the amount financed is $319,005.32 with a prepaid finance charge of $6994.68. This loan paid off the Countrywide loan which was for $287,441.00 and FMCC which was $12,783.

12. On November 22, 2005 this loan was assigned to WMC Mortgage Corp. The only applicant for the loan was Adam Calvert, as evidenced by the documentation, and it unclear as to the reason that Michelle Calvert was made to sign the mortgage and it is further unclear as to the Note in regards to this transaction. The Note is only signed by Adam Calvert.

13. On April 27, 2006 Adam and Michelle Calvert were granted a refinance loan in the amount of $341,000 and the initial rate was 8.6%. On this loan Michelle Calvert did not complete any application, nor was she asked to, and the note is once again only signed by Adam Calvert.

14. On September 11, 2006 Adam and Michelle Calvert were granted another loan on the property located at 70 Taylor Street in Braintree in the amount of $362,900.00 at a rate of 8.375% with $9,523.29 in settlement charges and a payoff to Washington Mutual of $347,265.17 for loan number 0690950258. The TIL indicates that the annual percentage rate would be 11.027% and that the amount financed is $355,283.71. The loan was with IndyMac Bank, F.S.B. and it seems once again that Adam Calvert was the only application on file, as evidenced by the documentation. Once again Adam Calvert is the only signer of the Note.

15. Adam Calvert was granted a modification by INDYMAC and he was the only applicant and the only signee of any of these documents.

16. On August 11, 2010 the divorce between Adam Calvert and Michelle Calvert became final and they now own the property located at 70 Taylor Street in Braintree as Tenants-in Common as a matter of law.

17. Adam Calvert and Michelle Calvert sent a M.G.L. 93A Demand letter and only INDYMAC responded.

18. Adam Calvert now resides in Quincy and Michelle Calvert resides with the children in the home at 70 Taylor Street in Braintree.

## CAUSES OF ACTION AND THEORIES OF RECOVERY

### COUNT I

#### Violation of M.G.L. 140D et. seq.

19. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

20. The named Defendants' failed to disclose the correct disclosures and in the manner required.

21. This was a willful act and was intended to mislead the Plaintiffs.

22. The named defendants failed to supervise their agents to comply with the State and Federal laws associated with the mortgages granted to the Plaintiffs.

23. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests that the Court require full adjustment as relief of the loan and rule that the actions of the Defendants named were a violation of M.G.L. 93A and are subject to liability by M.G.L. 140D.

### COUNT II

#### "MASSACHUSETTS PREDATORY HOME LOAN PRATCICE ACT"

(General Laws c. 183C and 183 et. seq.).

24. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

25. Adam Calvert and Michelle Calvert are specifically in the class of persons this statute was designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices Adam Calvert and Michelle Calvert is subject to loss of property and loss of use of property and other damages.

26. The named Defendants' in their capacity as a mortgage Broker or Lender and, acting as an agent for named defendants, knew that the loan would require refinancing before the "teaser" introductory rate was complete and further knew that the refinancing of the loan did not have any real benefit to the Calverts. Nonetheless, the mortgage Broker or Lender or lender from the named Defendants', acting as an agent for named defendants promised Adam Calvert and Michelle Calvert that they could refinance and viewed the loans as "starter" or "band-aid" loans. The mortgage Broker or Lender only considered whether the borrowers could afford the loan during the introductory rate period. Adam Calvert and Michelle Calvert were "doomed to foreclosure" and were induced into refinancing by the named Defendants'.

27. The facts surrounding the granting of the loan would suggest that the mortgage company was aware that there was a substantial likelihood that Adam Calvert and Michelle Calvert would eventually default ("doomed to foreclosure") and that any equity in the house would rationalize the granting of the loan.

28. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs request the following relief, that the Court hold that the actions of named defendants constitutes a violation of chapter 93A.   The Plaintiffs requests that the Court issue an order or injunction rescinding the home mortgage loan contract between the named parties and issue an order or injunction barring any judicial or non judicial foreclosure or other lender action under the mortgage or deed of trust securing any home mortgage loan which violates this chapter.   The Plaintiffs further requests that the Court issue an order or injunction reforming the terms of the home mortgage loan to conform to this chapter and  impose such other relief, including injunctive relief, as the court may consider just as relief and equitable.  In addition, the Plaintiffs requests that the named defendant's be found to be in violation of this chapter shall be subject to sections 2A and 2D of chapter 167.

## COUNT  III

### MASSACHUSETTS GENERAL LAW CHAPTER 106, Section 3-305.

29. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

30. Adam Calvert and Michelle Calvert is specifically in the class of persons this statute was designed to protect.  As a direct, proximate and foreseeable result of named parties acts and practices Adam Calvert and Michelle Calvert is subject to loss of property and loss of use of property and other damages as a result of the named parties conduct.

31. Fraud induced Adam Calvert and Michelle Calvert to sign the instruments with neither knowledge nor reasonable opportunity to learn of its character or its essential terms.

32. As a result of the actions of the named Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the following relief (1) that the present contract is not enforceable based on the circumstances surrounding the numerous violations of State and Federal regulation, statute, procedure and practice and fraud in the inducement (2) that the Court nullify the obligation of the Plaintiffs to the named parties.

## COUNT IV

### MASSACHUSETTS GENERAL LAW CHAPTER 106, Section 2-302

33. Plaintiffs repeats and reallege and incorporates by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

34. Adam Calvert and Michelle Calvert is specifically in the class of persons this statute was designed to protect. Adam Calvert and Michelle Calvert assert the contract is unconscionable based on the circumstances surrounding the numerous violations of State and Federal regulation, statute, procedure and practice.

35. The contracts were unconscionable at the time they were made based on a lack of disclosure and the willful actions of the named Defendants' its capacity as a mortgage Broker or Lender or lenders and, acting as an agent for the named defendants.

36. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests that the Court refuse to enforce the present contract as relief.

## COUNT V

### M.G.L. Chapter 184: Section 17B ½.

36. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

37. Adam Calvert and Michelle Calvert is a home loan borrower, who secured a mortgage on owner-occupied, 1 to 4 family residential property in the commonwealth.

38. The mortgage is a subprime loan at a variable or adjustable rate of interest and the Plaintiffs never affirmatively opted in writing for the variable or adjustable rate subprime loan.

39. Adam Calvert and Michelle Calvert never received certification from a counselor with a third-party nonprofit organization that the mortgagor has received counseling in person on the advisability of the loan transaction; provided, further that said third party nonprofit organization shall have been approved by: (1) the United States Department of Housing and Urban Development; (2) a housing financing agency of the commonwealth; (3) the Massachusetts Homeownership Collaborative; (4) or the regulatory agency which has jurisdiction over the mortgagee. The commissioner of the division of banks shall maintain a list of approved counseling programs.

40. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests that the Court rule that the rate terms of the loan shall not be enforceable.

COUNT VI

M.G.L. 184 17D

41. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

42. The mortgage lender failed to provide the required information at the same time such lender provided a mortgage loan application form to the Plaintiffs.

43. The mortgage lender offering variable rate residential mortgage loans, not otherwise subject to Administrative Bulletin 13-2C (Revised) of the commissioner and, provided that the prospective mortgage borrower has requested information about or has submitted an application for a variable rate mortgage loan, a copy of the most recent publication available from the Federal Home Loan Bank Board which describes information concerning variable or adjustable rate mortgages, currently entitled "Consumer Handbook on Adjustable Rate Mortgages".

44. The named Defendants' in their capacity as a mortgage Broker or Lender and, acting as an agent for named defendants, failed to provide a uniform model disclosure statement prescribed in regulations promulgated by the commissioner, written in plain and simple language, to aid prospective mortgage borrowers in understanding the mortgage application and approval process. The statement shall include, but need not be limited to, descriptions of the time periods generally required for processing of mortgage applications, the notices required by paragraph (d), and by the federal Equal Credit Opportunity Act, and by comparable provisions of the General Laws, and terms and practices common in the commonwealth relative to mortgage lending including, but not limited to, interest rate commitments.

45. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests that the Court rule that the rate terms of the loan shall

not be enforceable.

## COUNT VII

### Unfair and Deceptive Acts or Practices

### M.G.L. c. 93 A

46. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in

paragraphs 1 through 16 of the complaint as if fully set forth therein.

47. The named Defendants' have engaged in the following unfair acts or practices, among others

but not limited to:

a. Employing unfair and deceptive practices by using the named Defendants' as its agent by

offering Adam Calvert and Michelle Calvert a mortgage on more favorable terms then offering a

different mortgage loan product at closing in violation of 940 C.M.R. § 8.06, 3.16 and c. 93A

relying on the concept of unfairness.

b. Making a loan on terms that were unfair and deceptive and had hidden advantages for both the

named Defendants' and the named defendants in violation of 940 C.M.R. § 3.06. 3.05, 3.13 and

6.05 and  M.G.L. c. 93A and M.G.L. c. 183§ 63.

c. Failing to make disclosures that comply with 940 C.M.R. § 8 et. al.

d. The named Defendants' knowingly employed a "loan flipping" scheme in violation of M.G.L.

and the CMR and federal and State law.

48. The actions of the named Defendants', acting individually and as an agent for the named defendants, were willful or knowing within the meaning of M.G.L. c. 93A.

49. Adam Calvert and Michelle Calvert was injured and suffered damages by virtue of the violations.

50. A demand letter was sent to the named defendants in this action even though Adam Calvert and Michelle Calvert are asserting their claims defensively against a possible foreclosure action.

51. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court award damages, equitable relief and reasonable attorney's fees and costs as relief.

## COUNT VIII

### 209 C.M.R. 32.00 et. seq.

(M.G.L. c. 93A, et. seq. and 209 C.M.R. 32.00 as promulgated thereunder)

52. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

53. The Plaintiffs were not given the required disclosures.

54. The Defendants were in violation of this regulation.

55. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court to award damages for each violation and such other relief the Court deems just as relief as relief.

## COUNT IX

### 940 C.M.R. § 8.06 and 3.16

(M.G.L. c. 93A, et. seq. and 940 C.M.R.§ 8.06, 3.16 as promulgated thereunder)

56. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

57. The named Defendants' knew or should have known they refinancing was against state and federal law, regulation and rule.

58. The named Defendants' in their capacity as a mortgage Broker or Lender and, acting individually and as an agent of the named defendants employed unfair and deceptive practices on the loan to Adam Calvert and Michelle Calvert in violation of 940 C.M.R. § 8.06 and other State and Federal statutes, regulations and rules which prohibit this action.

59. Adam Calvert and Michelle Calvert was told by the representative of the named Defendants' that they could refinance on more favorable terms to induce their to close the loan in violation of 940 C.M.R. § 8.06.

60. The representative of the named Defendants', acting individually and as an agent of named defendants, failed to make the required disclosures as required by State and Federal law.

61. As a result of the actions of the named Defendants actions the Plaintiffs' suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court to award damages and such other relief the Court deems just as relief as relief.

## COUNT X

## 940 C.M.R. § 8.05

(M.G.L. c. 93A, et. seq. and 940 C.M.R.§ 8.05 as promulgated thereunder)

62. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

63. The Defendant committed an unfair or deceptive act or practice by failing to make the required disclosures by and at the time specified by any applicable state or federal law, regulation or directive.

64. The Defendant committed an unfair or deceptive act or practice by concealing or failing to properly disclose as needed by law and regulation.

65. The named defendants committed an unfair or deceptive act or practice by making a representation or statement is false or misleading or has the tendency or capacity to be misleading regarding the availability, terms, conditions, or charges, incident to the mortgage transaction and the possibility of refinancing.

66. The named Defendants committed an unfair or deceptive act or practice by procuring or negotiating for the Plaintiffs a mortgage loan with rates or other terms which significantly deviate from industry-wide standards or which are otherwise unconscionable.

67. The Plaintiffs was harmed by these acts and/or omissions.

68. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court to award damages for each violation and such other relief the Court deems just as relief as relief.


## COUNT XI

## CLAIMS FOR UNCONSCIONABILITY AND/OR ILLEGALITY

69. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

70. Contract terms and procedure that violate either statute or a validly enacted regulation are void as against public policy. Contract terms and procedure that violate either a statute or a validly enacted regulation are unconscionable and unenforceable. The terms and procedure of the loan granted to Adam Calvert and Michelle Calvert violated numerous State and Federal statutes and enacted regulations.

71. The actions of the named Defendants' in its capacity as a mortgage Broker or Lender and, acting as an agent for named defendants violated the Attorney General's regulations, 940

C.M.R.§ § 3.01et. seq., 6.01 et. seq., 8.01, et seq., which are to protect borrowers from predatory lending.

72. To accomplish the purposes of the Attorney General's regulations, 940 C.M.R.§ § 3.01et. seq., 6.01 et. seq., 8.01, et seq., it is necessary to void the mortgage.

73. The extent of the named Defendants' illegal behavior rises to the level to void the mortgage as to any and all claims against said mortgage.

74. There is a strong public policy underlying the Attorney General's regulations from predatory lending and to help borrowers avoid foreclosure.

75. The effectuation of the public policies underlying the Attorney General's regulations would be defeated absent a sanction that voids the mortgage.

76. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court grant the Plaintiffs relief from the unconscionable and/or illegal contract terms and/or refund all unjustified fees associated with the contract and such other relief the Court deems just as relief as relief.

## COUNT XII

### BREACH OF CONTRACT

77. Plaintiffs repeats and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

78. The defendant used unfair and deceptive practices delivered different terms at the closing than the ones initially promised, and the named Defendants' in their capacity as a mortgage Broker or Lender and, as an agent of named defendants, breached its contract with Adam Calvert and Michelle Calvert.

79. To the extent the named Defendants' offered terms to Adam Calvert and Michelle Calvert prior to closing, the named Defendants' formed a contract with Adam Calvert and Michelle Calvert to provide those promised terms.

80. The contracts are illusory in nature and unenforceable.

81. The conduct of the named Defendants' caused Adam Calvert and Michelle Calvert irreparable harm, as they were put into a loan which is considered unfair in Massachusetts and/or suspect.

82. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court to award damages and any and all equitable remedies for the named defendant's breach of contract and such other relief the Court deems just as relief.

## COUNT XII

## INTENTIONAL AND/OR NEGLIGENT MISREPRESENTATION

83. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

84. The named Defendants' in their capacity as a mortgage Broker or Lender and, acting as an agent for named defendants, made misrepresentations to Adam Calvert and Michelle Calvert, upon which Adam Calvert and Michelle Calvert relied to their detriment.

84. The named Defendants' made these misrepresentations to induce Adam Calvert and Michelle Calvert to complete the loan.

86. Adam Calvert and Michelle Calvert was granted a loan in which they would not raise the equity in their house for many years and was not beneficial to them in any manner

87. The named Defendants' failed to follow procedure in regards to Michelle Calvert and discriminated against her in the loan application process and the final mortgages.

87. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests damages and any and all equitable remedies for this misrepresentation and such other relief the Court deems just as relief.

## COUNT XIV

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

88. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

89. The contracts between Adam Calvert and Michelle Calvert and the defendants included a duty of good faith and fair dealing.

90. Pursuant to an implied covenant in the subject contracts, The named Defendants' in its

capacity as a mortgage Broker or Lender and, acting as a representative for named defendants

has a duty to do everything that the contracts presupposed to accomplish the purpose of what

each of the parties thought was the end result of the contract.

91. The named Defendants' in its capacity as a mortgage Broker or Lender and, acting as an

agent of named defendants, breached the implied covenant of good faith and fair dealing, and its

duties thereunder.

92. Adam Calvert and Michelle Calvert has suffered and continues to suffer based on these

actions.

93. As a result of the actions of the Defendants conduct the Plaintiffs suffered loss, damages,

emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests that the Court award damages and any and all equitable

remedies available and such other relief the Court deems just as relief.

COUNT XV

UNJUST ENRICHMENT

94. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in

paragraphs 1 through 16 of the complaint as if fully set forth therein.

95. By their wrongful acts and omissions parties named have been unjustly enriched at the

expense of Adam Calvert and Michelle Calvert, and thus Adam Calvert and Michelle Calvert has

been unjustly deprived.

96. As a result of the actions of the named Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court award restitution and an order of this Court disgorging all profits, benefits and other compensation obtained by the wrongful conduct of the Defendant's as relief.

## COUNT XVI

### VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

97. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

98. The named Defendants' in its capacity as a mortgage Broker or Lender and, acting as an agent for named defendants, failed to provide the required disclosures prior to closing.

101. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court award actual damages, punitive damages and lawyers' fees and court costs as relief.

## COUNT XVII

### FRAUD

102. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

103. The representative of the named Defendants' in their capacity as a mortgage Broker or Lender and, acting as an agent for named defendants, had a superior knowledge regarding the transaction and failed to disclose the violations.

104. The representative of the named Defendants' in its capacity as a mortgage Broker or Lender and, acting as an agent of named defendants, had scienter and made representations which they knew Adam Calvert and Michelle Calvert would rely on and this reliance resulted in damage to Adam Calvert and Michelle Calvert.

105. Adam Calvert and Michelle Calvert did rely on the representations of the agents of the named defendants in the form of believing that the representative was acting in their best interest.

106. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court award actual damages, punitive damages and lawyers' fees and court costs as relief.


## COUNT XVIII

## NEGLIGENT MISREPRESENTATION

107. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

108. The defendants, in the course of business, negligently stated false information that the defendant intended the Plaintiffs to rely on.

109. The Plaintiffs justifiably relied on the false statement and suffered pecuniary loss as a result

110. The representations were made to induce Adam Calvert and Michelle Calvert into refinancing the property in a loan package which is violative of State and Federal law, rule and regulation.

111. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court award actual damages, punitive damages and lawyers' fees and court costs as relief.

## COUNT XIX

## TRUTH-IN LENDING ACT

112. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth therein.

113. Adam Calvert and Michelle Calvert is specifically in the class of persons these regulations was designed to protect.

114. As a direct, proximate, and foreseeable result of the parties named in this Complaint and the practices of said parties Adam Calvert and Michelle Calvert is subject to loss of property and loss of use of property and other damages as a result of their conduct.

115. The named Defendants' in its capacity as a mortgage Broker or Lender, acting as an agent for the named defendants violated the Truth-in-Lending, *inter alia*, failed to provide the

disclosures to Adam Calvert and Michelle Calvert as required by 15 U.S C. § 1639(a)(1) and (a)(2)(A) and 12 C.F.R. § 226(c)(1-3).

116. The named Defendants' in its capacity as a mortgage Broker or Lender and, acting as an agent for the named defendants, failed to provide the above disclosures to Adam Calvert and Michelle Calvert at least three days prior to the consummation of the transaction, in violation of 15 U.S.C. § § 1639(B)(1) AND 12 C.F.R § 226.31(C).

117. The Defendant's have violated the Consumer Credit Protection Act, Title 15 United States Code, Section 1601 et seq., and Regulation Z, Title 12 Code of Federal Regulations, Part 226, which was adopted pursuant to such Act, by failing to properly make the disclosures required by the Act and Regulation Z, as therein after more particularly set forth.

118. The failure to comply with any provision of 15 U.S.C. § 1639 is deemed a failure to deliver material disclosures for the purpose of 15U.S.C. § 1635. See 15 U.S.C. 1639(J).

119. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.


WHEREFORE, the Plaintiffs requests the Court award actual damages, punitive damages and lawyers' fees and court costs as relief.

COUNT XX

Under G.L. c. 151B, § 4(3B)

120. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth herein.

121. The defendant discriminated against the Plaintiff in the granting of the mortgage loan or in making available such a transaction, or in the terms or conditions of such a loan or transaction, because of gender.

122. The defendant discriminated against the Plaintiff.

123. The discrimination claim is based on a systemic violation of G.L. c. 151B, that is, "the maintenance of a general practice or policy aimed at members of a protected class and that, to the extent that the discrimination alleged is based on a discriminatory practice or policy."

124. As a result of the actions of the Defendants the plaintiff suffered loss, damages, emotional distress and the possibility of losing her house.

WHEREFORE, the plaintiff requests the Court award actual damages; provided, and any special damages to the plaintiff and assess the cost of reasonable legal fees actually incurred as relief.

## COUNT XXI

## EQUAL CREDIT OPPURTUNITY ACT

125. Plaintiffs repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth herein.

126. The named defendants failed to follow the required procedure and practice in regards to Michelle Calvert.

127. The named defendants put her on the mortgage with no application and kept her off the Note.

128. The above reference actions were based on her gender.

129. As a result of the actions of the Defendants the plaintiff suffered loss, damages, emotional distress and the possibility of losing her house.

WHEREFORE, the plaintiff requests the Court award actual damages, punitive damages and lawyers' fees and court costs as relief.

## COUNT XXII

## VIOLATION OF HOEPA

130. Plaintiff repeat and reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 16 of the complaint as if fully set forth herein.

131. The named defendants violated the Act.

132. The named defendants used a classic "loan flipping" scheme.

133. As a result of the actions of the Defendants the plaintiff suffered loss, damages, emotional distress and the possibility of losing her house.

WHEREFORE, the plaintiff requests the Court award actual damages, punitive damages and lawyers' fees and court costs as relief.

## PRAYER FOR RELIEF

WHEREFORE, Adam Calvert and Michelle Calvert respectfully requests that this honorable Court:

a. Declare that the named Defendants' in its capacity as a mortgage Broker or Lender and, acting as an agent for named defendants, did knowingly violate State and Federal law, statute and regulation.

b. Award damages pursuant to M.G.L. 93A.

c. Award Adam Calvert and Michelle Calvert their reasonable attorney's fees and costs; and

d. Grant the relief Adam Calvert and Michelle Calvert requested in each numbered section for each Count of this complaint

e. Grant such relief as the Court deems appropriate and just.

RESPECTFULLY SUBMITTED,

Attorney for Adam Calvert and
Michelle Calvert

JAMES J. HEGGIE
BBO# 659244
2001 Marina Drive
Suite 516W
Quincy, MA 02171